# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WINNIFRED WHENHALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV419-040 |
| MEG HEAP, *et al.*, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Winnifred Whenhall has filed a petition for a writ of habeas corpus on this Court's 28 U.S.C. § 2241 form petition.[1]  Doc. 1. She asks, however, for her immediate "release to work on trial" preparation, doc. 2, a trial she says she has been denied, doc. 1 at 2. Whenhall contends that she has not been provided an attorney, but her state criminal docket indicates otherwise. *Id.*; *see State v. Whenhall*, CR17-1090 (Chatham Super. Ct.) (indicating Elizabeth Ashley Wood is serving as retained counsel in this theft, discharge of a firearm, simple assault, and reckless conduct case).  She says she has received no bond

---

[1] *See Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir.1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

hearing, doc. 1 at 2, but she has received two (one, where she was initially denied bond, and a second, where it was granted after a competency hearing was scheduled). *Whenhall*, CR17-1090.

To the heart of her petition, Whenhall launches into arguments about the sufficiency of the evidence against her and whether her Second Amendment right to bear arms (loaded "with empty shell cases" cleaned from a target range earlier in the day, in a laundromat parking lot) divests the State of lawful authority to prosecute her for having the firearm. Doc. 1 at 6 & 7 (noting that no cameras recorded her committing any crime because she was "seventeen miles away at the time of the incident, if it occurred."). She makes constitutional arguments, going through the amendments one by one: a Fourth Amendment argument that the officer unlawfully seized her firearm and her automobile; a Fifth Amendment argument that she was interrogated without the presence of counsel; a Sixth Amendment argument that she has been denied the right to a speedy trial and the assistance of counsel; an Eighth Amendment argument that her bail is excessive; and finally a convoluted Ninth Amendment argument that she was sexually assaulted, stripped naked and asked at intake by Tennessee officers if she "loved God,"

kicked out of her veterans' counseling program, transferred to Georgia after witnessing the execution of a fellow inmate by guards (a detainee on a "federal hold who was gonna tell the feds something"), and accused of being "delusional," "arrogant and not liking anyone," all in contravention of a constitutional prohibition on "say[ing] bad things about you." *Id.* at 6-10. For all these violations, she demands expungement of her criminal record and, somewhat inconsistently, immediate release on her own recognizance to prepare for trial. Docs. 1 & 2.

Whenhall is challenging — prematurely — the validity of her sentence and asking the Court to interfere in her ongoing criminal prosecution to do so. But § 2241 petitions must demonstrate exhaustion of state remedies, even those filed by pretrial detainees. *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973); *Montez v. McKinna*, 208 F.3d 862,

866 (10th Cir.2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

Prior to seeking redress in this Court, Whenhall must exhaust her "state remedies by petitioning the highest court in the state in which [s]he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir.2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir.2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id*. But Whenhall has not alleged, and there is nothing in the record to suggest, that she filed a state habeas petition challenging her pre-trial detention.

Because this Court lacks the authority under § 2241 to review the constitutionality of Whenhall's confinement prior to the exhaustion of her state court remedies, her petition (doc. 1) should be **DISMISSED WITHOUT PREJUDICE** and her motion to be released (doc. 2) should be **DENIED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>15th</u> day of March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA